Nazir Noorruddin CHARANIA; Munira Charania; Monisha Charania; Ali Charania, Petitioners,

v.

Alberto R. GONZALES, U.S. Attorney General, Respondent.

No. 05–60701

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 15, 2007.

John Wheat Gibson, Dallas, TX, for Petitioners.

Thomas Ward Hussey, Director, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Anne M. Estrada, U.S. Immigration & Naturalization Service, Susan L.S. Ernst, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Petitioners seek review of an order by the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of their claims for asylum and withholding of removal. They contend that the assistance they received from counsel was so ineffective that it impinged on their due process rights.

As Petitioners raise a constitutional issue, we have jurisdiction to consider their petition. *See Mai v. Gonzales,* 473 F.3d 162, 164 (5th Cir.2006). Petitioners' ineffective assistance claims, however, relate to their hope of obtaining discretionary relief under 8 U.S.C. § 1255(i). They thus have not alleged the deprivation of an interest vested with due process protections. *See Mireles–Valdez v. Ashcroft,* 349 F.3d 213, 219 (5th Cir.2003). Their petition for review of the BIA's final removal order is therefore denied. To the extent that the petition is construed as seeking review from the BIA's denial of Petitioners' motion to reopen on grounds of ineffective assistance and due process, it is likewise denied. By failing to challenge the BIA's decision that they are not entitled to asylum or withholding of removal, Petitioners have abandoned any challenge in that regard. *See Soadjede v. Ashcroft,* 324 F.3d 830, 833 (5th Cir.2003); *Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993).

The petition for review is DENIED.

the limited circumstances set forth in 5TH CIR.    R. 47.5.4.